UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HOWARD,

    Plaintiff,

v.

Case No. 08-13501

Honorable Patrick J. Duggan

WAYNE COUNTY SHERIFF'S OFFICE,
WAYNE COUNTY, DEPUTY FRANK
WOOD, DEPUTY JOHN HARDIE,

    Defendants,

_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 18, 2009.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Kenneth Howard ("Plaintiff") filed the present lawsuit in July 2008 alleging that defendants violated his state and federal constitutional rights and committed state torts against him. Presently before the Court is defendants' Motion to Dismiss under FRCP 37(d)(1) for Plaintiff's Failure to Attend His Deposition, filed on March 25, 2009. Plaintiff responded on April 6, 2009. On May 1, 2009, the Court informed the parties that the motion would be decided without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

**I. Background**

This lawsuit arises out of an incident on August 8, 2006, wherein Plaintiff was arrested at the Coleman A. Young Municipal Center ("CAYMC") in Detroit for allegedly assaulting Defendant Frank Wood, a Wayne County Sheriff's Deputy.  At that time, Plaintiff was employed by the City of Detroit and worked in the CAYMC.  Plaintiff was later acquitted of all criminal charges related to the incident.  Plaintiff now alleges that Deputy Wood actually assaulted him and seeks to hold the named defendants liable for their alleged conduct in relation to his arrest and prosecution.

As part of discovery, defendants' counsel ("counsel") scheduled Plaintiff's deposition for February 12, 2009, at his office in Detroit.  After scheduling the deposition, however, counsel asserts that he began to have safety concerns about Plaintiff being in his office.  According to counsel, Plaintiff's employment records reveal a history of undesirable and threatening behavior and a psychiatrist report allegedly indicates that Plaintiff hears voices in his head.  As a precautionary measure, counsel alerted building security of his concerns the day before the scheduled deposition.

On Feburary 12, 2009, Plaintiff appeared for his deposition as scheduled.  Before allowing him to go to counsel's office, however, security guards sought to ensure that Plaintiff was not armed.  According to the guards, Plaintiff twice refused to say whether he was armed and also refused to submit to a pat-down search of his person.[1]  Plaintiff did, however, allow the guards to search his bag.

Eventually counsel came to the lobby of the building and explained his safety

---

[1] Plaintiff asserts that he told the security guards he was not armed.

2

concerns to Plaintiff. In an attempt to resolve the situation, counsel offered to walk with Plaintiff to the CAYMC where they would both walk through a metal detector. Plaintiff responded that counsel's safety concerns were unfounded and indicated that he felt he was being treated unfairly since other patrons to counsel's building were not being searched before being allowed admittance. Furthermore, Plaintiff refused to return to the CAYMC—the scene of the alleged assault that gives rise to this lawsuit. Having reached an impasse, counsel canceled Plaintiff's deposition for February 12, 2009.

On February 19, 2009, counsel sent Plaintiff notice that his deposition would take place at the federal courthouse on March 11, 2009. On February 25, 2009, the Court entered an amended scheduling order directing the parties to complete discovery by March 11, 2009, and to submit all dispositive motions by March 25, 2009. At some point before March 11, 2009, Plaintiff called counsel to confirm that he would attend the rescheduled deposition. When the day came, however, Plaintiff failed to appear and counsel canceled the deposition after waiting an hour and fifteen minutes.

As it turns out, Plaintiff had been arrested on March 7, 2009, and was detained at the Macomb County Jail until March 18, 2009.[2] Plaintiff asserts that, after two failed attempts, he contacted counsel by phone on March 24, 2009, to explain the reason for his absence and to request that his deposition be rescheduled. According to Plaintiff, however, counsel declined to reschedule on grounds that discovery had closed. Counsel also informed Plaintiff that he intended to file a motion to dismiss based on Plaintiff's

---

[2]Plaintiff did not elaborate on the reasons why he was arrested but asserts that all charges were dismissed when he was released on March 18.

failure to appear. As indicated above, counsel filed that motion the next day, March 25, 2009. For the reasons set forth below, the Court denies the motion.

## II. Analysis

Rule 37 of the Federal Rules of Civil Procedure allows this Court to sanction a party who fails to attend his or her deposition after being properly served with notice. *See* Fed. R. Civ. P. 37(d). Under the rule, the type of sanction imposed lies within the discretion of the Court and may include, among other things, dismissal of the lawsuit. *Id.*; *see also Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005). The sanction of dismissal, however, "is the sanction of last resort." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994). In deciding whether to impose such an extreme sanction, the Court is to consider four factors: "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; (4) whether less drastic sanctions have been imposed or ordered." *Phillips*, 400 F.3d at 402. Regardless of these factors, however, "[d]ismissal is an abuse of discretion if the [violating] party [did] not have the ability to comply with the request." *Beil*, 15 F.3d at 552.

Dismissal is a wholly inappropriate sanction in this case. On February 12, 2009, both parties exhibited stubborn—although not necessarily unwarranted—behavior leading to the cancellation of the scheduled deposition. Given the circumstances of that meeting, the Court declines to find that either party acted in bad faith. Furthermore, because there remained time within which to reschedule Plaintiff's deposition, the Court concludes that cancellation of that first deposition was not prejudicial. In regard to the March 11, 2009,

deposition, Plaintiff has established that he was unable to attend and the Court concludes that his failure to attend was not the result of bad faith or willfulness.

While Plaintiff's inability to attend the rescheduled deposition is alone sufficient to deny defendants' motion, the Court notes that the other factors also counsel against dismissal. Plaintiff is a pro se litigant who had not been previously warned by order or sanction about the possible consequences of failing to attend his deposition. Additionally, the prejudice to defendants from Plaintiff's failure to attend the second deposition arises only from the Court's order that discovery be completed by March 11, 2009. In lieu of dismissing the case, the Court can and will remedy defendants' discovery dilemma by setting new deadlines for discovery and dispositive motions.

Accordingly,

**IT IS ORDERED** that defendants' Motion to Dismiss is **DENIED**.

**IT IS FURTHER ORDERED** that the parties complete extended discovery by **JUNE 22, 2009**, and that dispositive motions are due by **JULY 6, 2009**. A final pretrial conference will be scheduled at a later date, if necessary.

**IT IS FURTHER ORDERED** that Plaintiff's deposition be taken at the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan 48226.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Kenneth Howard
P.O. Box 43823

6

Detroit, Michigan 48243

James M. Surowiec, Esq.