UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HOWARD,
      Plaintiff,

Case No. 08-13501

Honorable Patrick J. Duggan

v.

WAYNE COUNTY SHERIFF'S OFFICE,
FRANK WOOD, JOHN HARDIE, and
WAYNE COUNTY,
      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 19, 2011.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On July 29, 2008, Kenneth Howard ("Plaintiff") filed this action to recover damages for alleged injuries and violations of his constitutional rights. Presently before the Court is Plaintiff's motion for summary judgment, filed on June 29, 2011 pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Court denies Plaintiff's motion.

### I. Factual and Procedural Background

This suit arises from Plaintiff's arrest by Wayne County sheriff's deputies. The parties vigorously dispute the facts of this encounter, but for purposes of Plaintiff's motion for summary judgment, the Court must credit Defendants' allegations.

On the morning of August 8, 2006, Defendant Deputy Frank Wood was standing near the employee entrance of the Coleman A. Young Municipal Center. Employees were

waiting in line to swipe their identification badges at a sensor on a podium. Defendants allege that Plaintiff pushed his way through the employee line, swiped his identification badge at the podium, and elbowed Wood in the stomach as he walked past. Defendants claim that Plaintiff proceeded toward the elevators, despite Wood calling to him several times and commanding him to stop.

Wood followed Plaintiff to the elevators and grabbed his left arm. Plaintiff allegedly spun around and said: "Just because you have a gun and a badge doesn't mean you don't have to get the fuck out of my way." Wood Dep. 34:8-11, June 6, 2011. Wood advised Plaintiff that he was under arrest and called for backup. Wood ordered Plaintiff to turn around and place his hands behind his back. Plaintiff allegedly refused to comply, stating that it would take "about 20 deputies" to arrest him. Wood Dep. 39:13-15. Defendants claim that Plaintiff's fists were clenched and that he again refused to submit to arrest. Around that time, Defendant Deputy John Hardie arrived at the scene.

After Plaintiff allegedly ignored another warning, Wood sprayed him with pepper spray. Plaintiff bent over with his eyes closed and grabbed onto an ATM machine in the lobby. Wood pulled Plaintiff away from the machine and the two men fell to the floor. Plaintiff allegedly continued to resist, and Wood held Plaintiff in a headlock while Hardie handcuffed him. Plaintiff was eventually taken to a jail facility in the building.

Plaintiff was charged in 36th District Court with criminal misdemeanor offenses of resisting arrest, assault, obstruction, and disorderly conduct. He was acquitted of these charges on May 24, 2007.

Plaintiff filed this action in Wayne County Circuit Court, seeking to recover damages

for alleged injuries and violations of his constitutional rights. Defendants removed the suit to the Eastern District of Michigan and later moved for summary judgment. The Court granted Defendants' motion in an Opinion and Order dated September 1, 2009. Plaintiff appealed, and on March 16, 2011, the Sixth Circuit reversed the Court's grant of summary judgment as to Plaintiff's excessive force claim and remanded for further proceedings on that claim. The Sixth Circuit affirmed the Court's judgment in all other respects. Plaintiff now moves for summary judgment on the excessive force claim.

## II. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986). After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. at 2553.

Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). To demonstrate a

genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252, 106 S. Ct. at 2512. The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id.* at 255, 106 S. Ct. at 2513. The inquiry is whether the evidence presented is such that a jury applying the relevant evidentiary standard could "reasonably find for either the plaintiff or the defendant." *Id.*, 106 S. Ct. at 2514.

### III. Discussion

Excessive force claims are evaluated under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989). The Court must balance the nature of the intrusion on the individual's Fourth Amendment interests against countervailing governmental interests. *Id.* at 396, 109 S. Ct. at 1871. "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396, 109 S. Ct. at 1872. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." *Id.* at 396-97, 109 S. Ct. at 1872. Proper application requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396, 109 S. Ct. at 1872.

4

"The use of a chemical weapon such as pepper spray is not *per se* unreasonable." *Vaughn v. City of Lebanon*, 18 F. App'x 252, 266 (6th Cir. 2001). "[T]he analysis for use of a chemical weapon as force is essentially the same as that for the use of more traditional forms of physical control, turning upon the totality of the circumstances, including the arrestee's conduct and the officer's reasonable perception of the scenario." *Id.*

Examining the evidence in a light favorable to Defendants, the Court cannot conclude that Defendants' use of force against Plaintiff was unreasonable as a matter of law. Although Plaintiff was arrested only for misdemeanor offenses, there is evidence showing that he was prepared to engage in a physical altercation with Wood and Hardie. Defendants claim that Plaintiff raised his voice, used profanity, and clenched his fists, all indications of his readiness to fight. Plaintiff was unarmed, but Wood testified that in an altercation with a suspect there is a danger that the suspect can gain control of the deputy's firearm. Wood Dep. 42:1-4. Wood also testified that Plaintiff ignored several warnings to submit to arrest. Under these circumstances, a jury could find that Wood's use of pepper spray was a reasonable response to the threat presented, as it temporarily incapacitated Plaintiff so that he could be restrained. A jury could also determine that Plaintiff resisted arrest even after he was sprayed, requiring Wood to take him to the ground in order to handcuff him. A jury could therefore conclude that Defendants' actions did not constitute an excessive use of force in violation of the Fourth Amendment.

Plaintiff argues that because he was acquitted of all criminal charges in the 36th District Court, Defendants should be collaterally estopped from relitigating the issue of whether he resisted arrest. Plaintiff is mistaken. "[A]n acquittal in a criminal case does

5

not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." *Dowling v. United States*, 493 U.S. 342, 349, 110 S. Ct. 668, 672 (1990). The Supreme Court has explained:

> [The acquittal did] not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt. . . . The jury verdict in the criminal action did not negate the possibility that a preponderance of the evidence could show that [the defendant] was engaged in an unlicensed firearms business. . . . It is clear that the difference in the relative burdens of proof in the criminal and civil actions precludes the application of the doctrine of collateral estoppel.

*Id.* at 349, 110 S. Ct. at 672 (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-62, 104 S. Ct. 1099, 1104 (1984)) (omissions and alterations in original). A preponderance of the evidence standard governs this civil action. Plaintiff's acquittal does not negate the possibility that a preponderance of the evidence might show that he resisted arrest. Thus, the government is not estopped from arguing that Plaintiff resisted arrest.

### IV. Conclusion

Examining the evidence in a light favorable to Defendants, the Court concludes that a jury could find that Defendants' actions did not constitute an excessive use of force in violation of the Fourth Amendment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **DENIED**.

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
LaNita R. Haith, Esq.
James M. Surowiec, Esq.
Robert S. Gazall, Esq.